IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY DECHIARA,            :
    Plaintiff              :
                           :
v.                           :       CIVIL NO. AMD 05-487
                           :
FEDERAL BUREAU OF PRISONS,   :
et al.,                      :
    Defendants             :

...o0o...

MEMORANDUM OPINION

Plaintiff, Anthony DeChiara, filed this action against the Federal Bureau of Prisons (BOP) and several officers and employees of the BOP shortly after he was sentenced to the custody of the BOP upon his conviction by guilty plea for mail fraud. DeChiara was sentenced to imprisonment for a year and a day. Fearing that the BOP would not accord him consideration for assignment to a community corrections center for service of his sentence, consistent with certain policy changes effected by the BOP as mandated by the Attorney General in December 2002, DeChiara sought declaratory and injunctive relief under the Administrative Procedure Act, the federal habeas statute, and directly under the Constitution. Defendants have moved to dismiss or in the alternative for summary judgment. No hearing is needed.

Countless courts have weighed in on the issue of whether the BOP's policy change passes muster statutorily or constitutionally. *See, e.g., Woodall v. Federal Bureau of Prisons*, 432 F.3d 235 (3rd Cir.2005) (holding policy unlawful); *Elwood v. Jeter,* 386 F.3d 842 (8th Cir.2004)(same); *Goldings v. Winn,* 383 F.3d 17 (1st Cir.2004)(same); *Pinto v. Menifee,*

2004 WL 3019760 (S.D.N.Y. Dec. 29, 2004) (same); *Grimaldi v. Menifee*, 2004 WL 912099 (S.D.N.Y. Apr. 28, 2004) (same); *Cato v. Menifee*, 2003 WL 22725524 (S.D.N.Y. Nov. 20, 2003) (same). *But see, e.g., Loeffler v. Menifee,* 326 F.Supp.2d 454 (S.D.N.Y.2004) (upholding policy); *Cohn v. Federal BOP,* 302 F.Supp.2d 267 (S.D.N.Y.2004) (same).

In this case, the summary judgment record discloses, indisputably, that the BOP in fact afforded DeChiara the individualized consideration to which he arguably is entitled, for assignment to a community confinement center, but, for reasons it has articulated, found such an assignment unwarranted.[*] It goes without saying that this court's *recommendation* to the BOP that DeChiara be assigned to a community confinement center was just that-- a *recommendation*, no more and no less. Having exercised its discretion to reject that recommendation, the BOP has done all that the law could require of it.

Accordingly, for the reason stated above, the motion for summary judgment shall be granted. An order follows.

Filed: March 8, 2006                    __/s/_____
                                        ANDRE M. DAVIS
                                        United States District Judge

---

[*] The BOP relied on the "nature and circumstances of the offense, sentence length, and [DeChiara's] prior history of violence." DeChiara strongly objects to the BOP's reliance on his asserted "prior history of violence" as a basis for its decision, arguing that the state court assault conviction (which was converted under state law to a form of deferred prosecution) on which this factor was based was a minor confrontation arising out of a "shouting match" at a children's soccer match. Nonetheless, the BOP acts within its discretion in evaluating such data in the presentence report.